**Ralph LONG, Petitioner,**

v.

**The DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 80–7713.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 1982.

Decided Feb. 25, 1982.

Ralph Long, in pro. per.

Yoshinori H. T. Himel, Asst. U. S. Atty., Sacramento, Cal., for respondent.

OPINION

Before CHOY, PREGERSON and POOLE, Circuit Judges.

PREGERSON, Circuit Judge:

Appellant Ralph Long appeals from an order of the Merit Systems Protection

Board. He contends that the notice of proposed separation he received from his employer was invalid in failing to specify sufficiently the grounds for his removal. This contention, as well as appellant's other contentions, is meritless. We affirm the Board's decision.

FACTS

Ralph Long was an Accounts Maintenance Clerk (GS–5) for the Department of the Air Force. On April 6, 1979, he received notice that the Department would fire him on May 7 because of unsatisfactory work. Among the reasons listed were (1) Long had a 50% error rate in the vouchers he prepared (66 errors in 132 vouchers); (2) Long carelessly handled files and mismatched supporting documents; and (3) Long misfiled invoices. The letter noted that Long had several counseling sessions with supervisors in which his errors were carefully reviewed, but that he continued to have an error rate between 40% and 50%, far above the 10% error rate expected of an employee in his position.

Long requested a hearing with the MSPB. After this hearing, the Presiding Official affirmed the removal action. Long then filed a petition for review with the Board.

Prior to its decision in Long's case, the Board issued its decision in *Wells v. Harris,* 1 MSPB 199 (1979), invalidating the interim regulations for implementing the Civil Service Reform Act of 1978 on which the Air Force had relied in discharging Long. Consequently, the Board remanded Long's case for reconsideration to see if his removal was valid under the old procedures for discharging employees, which can be found at 5 U.S.C. §§ 7511–14 (Chapter 75, Subchapter II, of title 5 U.S.C.).

Upon reconsideration, the Presiding Official affirmed the removal action under Chapter 75, and the Board denied a request to review the decision.

DISCUSSION

■ An agency which proposes to remove an employee under Chapter 75 must present the employee with notice listing the proposed action and the "reasons for the proposed action." 5 U.S.C. § 7513(b). The reasons must be sufficiently specific so that the employee can adequately prepare his defense. *Burkett v. United States,* 402 F.2d 1002, 1004 (1968); *Connelly v. Nitze,* 401 F.2d 416, 424 at n. 10 (D.C.Cir.1968).

■ Long contends that his notice inadequately stated the grounds for his removal. He claims that he was not aware of what errors were made in what documents and therefore could not refute the charges.

After reviewing the record, we conclude that this complaint is meritless and that Long was adequately informed of the reasons for his dismissal. Long's notice did give numerous examples of specific errors, none of which Long has denied making. In addition, the Presiding Official noted that the errors mentioned in the letter were personally reviewed with Long at the counseling sessions, and that copies of the errors discussed in these sessions were given to Long.

In light of the Presiding Official's findings, and since the notice letter did give numerous specific examples of Long's errors, we conclude that Long was adequately apprised of the reasons for his dismissal.

We have considered Long's other contentions and conclude that they are meritless.

AFFIRMED.